THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| JAMES BARRINEAU | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | NO. 6:04-CV-62 (WLS) |
| | * | |
| SONNY PERDUE, THE HOUSE and | * | |
| AND THE SENATE, et al. | * | PROCEEDING UNDER 42 U.S.C. § 1983 |
| | * | |
| Defendants. | * | |
| | * | |

**REPORT AND RECOMMENDATION**

Before the court is Defendants, Sonny Perdue, The House and the Senate's, Motion for Summary Judgment filed on August 4, 2005. Also before the court is Defendant Decatur County Board of Commissioners' Motion to Dismiss filed on August 12, 2005. Plaintiff was notified by the court of the filing of said motions and given thirty days to respond to each of the Motions. No responses were filed.

**Factual History**

On November 12, 2004, Plaintiff Barrineau filed the current action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff contends that his right to equal protection of the laws had been violated by the Defendants. Specifically, he argues that he "has sought relief from Imprisonment due to the Passing and Adopting of a New Increased Earned Time Allowance For Violation of Probationer's of Felony offenses due to its Retroactiveness and Effective Date of July 1, 2004 ..." He claims he received an unconstitutional response from

the Superior Court of Decatur County, "thus violating the 14th Amendment EQUAL PROTECTION LAW OF THE U.S.C.A." Plaintiff has since been released from prison.

Plaintiff bases his legal theory on "Act No. 457 of 2004 Regular Session - House Bill 239", which was introduced and eventually enacted by Governor Purdue on May 5, 2004. The purpose of the Bill was to amend Georgia Code Section 42-4-7. As amended, O.C.G.A. § 42-4-7(b) reads that:

> (1) The sheriff, chief jailer, warden, or other officer designated by the county as custodian of inmates confined as county inmates for probation violations of felony offenses or as provided in subsection (a) of Code Section 17-10-3 may award earned time allowances to such inmates based on institutional behavior. Earned time allowances shall not be awarded which exceed one-half of the period of confinement imposed, except that the sheriff or other custodian may authorize the award of not more than four days' credit for each day on which an inmate does work on an authorized work detail; provided, however, that such increased credit for performance on a work detail shall not apply to an inmate who is incarcerated for:
>
>> (A) A second or subsequent offense of driving under the influence under Code Section 40-6-391 within a five-year period of time, as measured from the date of any previous arrest for which a conviction was obtained or a plea of nolo contendere was accepted to the date of the current arrest for which a conviction is obtained or a plea of nolo contendere is accepted;
>>
>> (B) A misdemeanor of a high and aggravated nature; or
>>
>> (C) A crime committed against a family member as defined in Code Section 19-13-1.
>
> (2) While an inmate sentenced to confinement as a county inmate is in custody as a county inmate, the custodian of such inmate may award an earned time allowance consistent with this subsection and subsection (b) of Code Section 17-10-4 based on the institutional behavior of such inmate while in custody as a

> county inmate.
>
> (3) An inmate sentenced to confinement as a county inmate shall be released at the expiration of his or her sentence less the time deducted for earned time allowances.

## DISCUSSION

**I.     Motion for Summary Judgment**

Defendants Sonny Perdue, The House and The Senate have filed a Motion for Summary Judgment, contending that the Plaintiff has failed to show that they violated his constitutional rights. Federal Rule of Civil Procedure 56, which deals with motions for summary judgment provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be

presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384.

1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

In his pleadings, Plaintiff apparently argues that because he was not credited with Earned Time during his incarceration, that "Act 457" is unconstitutional. However, he fails to state with any degree of specificity how the Defendants violated his constitutional rights. Plaintiff makes general accusations that what he calls "Act 457" is unconstitutional in that it violates "the Equal Protection Law" but fails to present the court with any questions of fact which would preclude summary judgment. As stated in their Brief, Defendants Perdue, The House and The Senate, participated in the passing and enactment of the legislation at issue. Without their participation, Plaintiff would not had the chance for an opportunity to receive any earned time. Section 1983 of Title 42 of the United States Code states, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to prevail, the Plaintiff must establish both that the Defendants deprived him of his right to equal protection of the laws and that the deprivation occurred under color of state law. *See Arrington v. Cobb County,* 139 F.3d 865, 872 (11th Cir.1998).

Plaintiff has filed no supporting evidence which would allow the court to find that any

genuine issues of material fact exist in this case. As noted above, Plaintiff did not respond to the Defendants' Motion for Summary Judgment. In the pleadings he has filed, Plaintiff merely makes claims that he was illegally transferred for filing grievances related to "Act 457" but fails to present any evidence that the Defendants, or the Act in question, violated his Fourteenth Amendment rights. For these reasons, Plaintiff has failed to overcome the standard found in Defendants' Motion for Summary Judgment and the Defendants should be entitled to judgment as a matter of law.

**II.    Motion to Dismiss**

Also under consideration is Defendant Decatur County Board of Commissioners' Motion to Dismiss. In its Motion, the Defendant contends that it is entitled to dismissal of the action where it is not a proper party defendant and because the Plaintiff has alleged no wrongdoing by the Board of Commissioners. For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the

allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957).

In its Brief, the Defendant notes that a governmental entity can be deemed a "person" for purposes of § 1983 liability. *See, Grech v. Clayton County, Georgia*, 335 F.3d 1326, 1329 (11th Cir. 1003). However, for them to be found liable, the Plaintiff must show that an "official policy" of the county causes a constitutional violation. *Grech* at 1329; *citing, Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, the Plaintiff must show "either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Id.; Monell,* 436 U.S. at 690-91, 694, 98 S.Ct. 2018; *Brown v. Neumann,* 188 F.3d 1289, 1290 (11th Cir.1999) *1330 (citing *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)). "Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs"... "must show that the county has a custom or practice of permitting it and that the county's custom or practice is "the 'moving force [behind] the constitutional violation.'" *Id.* at 1329, 1330 (citations omitted). A review of the pleadings reveals that Plaintiff has alleged no wrongdoing on the part of the Defendant Board of Commissioners. His complaint, as noted *supra*, merely alleges that "Act 457" is unconstitutional as it was not

7

used to give him any earned time allowance. Thus, because the Plaintiff has failed to allege any custom or practice committed by the Board of Commissioners that violated his constitutional right to equal protection, the Defendant's Motion to Dismiss should be granted.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants Sonny Perdue, The House and The Senate's Motion for Summary Judgment be GRANTED. It is further recommended that Defendant Decatur County Board of Commissioner's Motion to Dismiss be GRANTED. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 19th day of October, 2005.

    S/ G. MALLON FAIRCLOTH
    UNITED STATES MAGISTRATE JUDGE

sWe