THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| JAMES BARRINEAU | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | NO. 6:04-CV-62 (WLS) |
| | * | |
| SONNY PERDUE, THE HOUSE and | * | |
| AND THE SENATE, et al. | * | PROCEEDING UNDER 42 U.S.C. § 1983 |
| | * | |
| Defendants. | * | |
| | * | |

**REPORT AND RECOMMENDATION**

Before the court is Defendant Decatur County Correctional Institute's Motion for Summary Judgment filed on October 19, 2005. Plaintiff was notified by the court of the filing of said motion and given thirty days to respond to the Motion. No response was filed.

**Factual History**

On November 12, 2004, Plaintiff Barrineau filed the current action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff contends that his right to equal protection of the laws had been violated by the Defendants. Specifically, he argues that he "has sought relief from Imprisonment due to the Passing and Adopting of a New Increased Earned Time Allowance For Violation of Probationer's of Felony offenses due to its Retroactiveness and Effective Date of July 1, 2004 ..." He claims he received an unconstitutional response from the Superior Court of Decatur County, "thus violating the 14th Amendment EQUAL PROTECTION LAW OF THE U.S.C.A." Plaintiff has since been released from prison.

Plaintiff bases his legal theory on "Act No. 457 of 2004 Regular Session - House Bill 239", which was introduced and eventually enacted by Governor Purdue on May 5, 2004. The purpose of the Bill was to amend Georgia Code Section 42-4-7. As amended, O.C.G.A. § 42-4-7(b) reads that:

> (1) The sheriff, chief jailer, warden, or other officer designated by the county as custodian of inmates confined as county inmates for probation violations of felony offenses or as provided in subsection (a) of Code Section 17-10-3 may award earned time allowances to such inmates based on institutional behavior. Earned time allowances shall not be awarded which exceed one-half of the period of confinement imposed, except that the sheriff or other custodian may authorize the award of not more than four days' credit for each day on which an inmate does work on an authorized work detail; provided, however, that such increased credit for performance on a work detail shall not apply to an inmate who is incarcerated for:
>
>> (A) A second or subsequent offense of driving under the influence under Code Section 40-6-391 within a five-year period of time, as measured from the date of any previous arrest for which a conviction was obtained or a plea of nolo contendere was accepted to the date of the current arrest for which a conviction is obtained or a plea of nolo contendere is accepted;
>>
>> (B) A misdemeanor of a high and aggravated nature; or
>>
>> (C) A crime committed against a family member as defined in Code Section 19-13-1.
>
> (2) While an inmate sentenced to confinement as a county inmate is in custody as a county inmate, the custodian of such inmate may award an earned time allowance consistent with this subsection and subsection (b) of Code Section 17-10-4 based on the institutional behavior of such inmate while in custody as a county inmate.
>
> (3) An inmate sentenced to confinement as a county inmate shall be released at the expiration of his or her sentence less the time deducted for earned time allowances.

## DISCUSSION

The Defendant has filed a Motion for Summary Judgment, contending that the Plaintiff has failed to show that any of his constitutional rights were violated. Federal Rule of Civil Procedure 56, which deals with motions for summary judgment provides, in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show

3

that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

In this case, the Defendant contends in its Memorandum in Support of the Motion for Summary Judgment, that the Plaintiff was served with requests for admissions pursuant to Federal Rule of Civil Procedure 36(a) during the discovery phase of the case. Plaintiff, who was served with the discovery requests at his last known address, failed to provide answers

to the requests. Rule 36(a) reads:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. ... Each matter of which an admission is requested shall be separately set forth. **The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney**. (emphasis added).

Pursuant to Federal Rules of Civil Procedure 36(a), then, the requests for admissions propounded to the Plaintiff are deemed admitted. As such, the Defendant, as the moving party, has established that there is no genuine issue of fact which remains to be determined by the fact finder. For this reason, the Defendant should be entitled to judgment as a matter of law.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant Decatur County Correctional Institute's Motion for Summary Judgment be GRANTED. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 16th day of February, 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE